IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>EDWARD J. WASSERMAN,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER REGARDING COMPETENCY<br><br><br><br>Case No. 2:13-CR-66 TS |

      This matter is before the Court for a determination of Defendant's competency to stand trial. For the reasons discussed below, the Court finds Defendant to be competent.

## I. BACKGROUND

      On January 31, 2013, Defendant was charged with Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1).[1] Defendant was scheduled to enter a plea of guilty before Magistrate Judge Braithwaite on February 25, 2013 and March 4, 2013. On each occasion Defendant decided not to plead. On March 27, 2013, Defendant filed a motion to suppress. Before an evidentiary hearing could be held on Defendant's motion to suppress, the

---

[1] Docket No. 9.

1

parties moved for a competency evaluation.² An Order for Competency Evaluation was entered on May 1, 2013.³

Defendant was evaluated at the Federal Correctional Institute in Fort Worth, Texas, by Dr. Robert Johnson. Dr. Johnson prepared an evaluation regarding Defendant's competency to stand trial. In that evaluation, Dr. Johnson concluded that Defendant "does not appear to suffer from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense."⁴ The Court conducted a competency hearing on August 6, 2013.

## II. DISCUSSION

18 U.S.C. § 4241(c) provides that a hearing on competency "shall be conducted pursuant to the provisions of section 4247(d)." Under § 4247(d), the Court must hold a hearing and Defendant must have an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine any witnesses who appear at the hearing.⁵ The Court shall determine if Defendant is competent by a preponderance of evidence.⁶

"[T]he test for competency is whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has

---

²Docket No. 32.

³Docket No. 33.

⁴Johnson Evaluation, at 8.

⁵18 U.S.C. § 4247(d).

⁶*Id*. § 4241(d).
2

a rational as well as factual understanding of the proceedings against him.'"[7]  "When assessing a defendant's competence, 'the district court may rely on a number of factors, including medical opinion and the court's observation of the defendant's comportment.'"[8]

Having reviewed the report of Dr. Johnson, questioned and observed Defendant, and for the reasons stated at the hearing, the Court finds that Defendant is competent to stand trial at this time.  The Court finds that Defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him.

### III.  CONCLUSION

Based on the above, the Court finds that Defendant is competent to stand trial.  Pursuant to 18 U.S.C. § 3161(h)(1)(A), the Court excludes for purposes of the Speedy Trial Act all time from the filing of Defendant's Motion for Competency Evaluation, April 25, 2013, to the date of this Order.

DATED   August 21, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7] *United States v. Mackovich*, 209 F.3d 1227, 1231-32 (10th Cir. 2000) (quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975)).

[8] *Id*. at 1232 (quoting *United States v. Boigegrain*, 155 F.3d 1181, 1189 (10th Cir. 1998)).